FILED

02/02/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 21-0044

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 21-0044

NATHAN R. WHITE,

      Petitioner,

v.

SIXTH JUDICIAL DISTRICT COURT, PARK
COUNTY, HONORABLE BRENDA GILBERT,
Presiding.

FILED

FEB 0 2 2021

Bowen Greenwood
Clerk of Supreme Court
State of Montana

O R D E R

Representing himself, Nathan R. White has filed a Petition for a Writ of Supervisory Control over the Sixth Judicial District Court, Park County, and the Honorable Brenda Gilbert, because of "its orders denying any parenting plan in Dr-17-35." White includes several hundred pages of attachments. On February 1, 2021, Judge Gilbert filed a response to White's Petition, requesting its denial.

White contends that the District Court has violated his due process right because it has not allowed his "fundamental right to play a role in his son's life[.]" He asserts that he "has all parental rights." White bases this assertion on an earlier proceeding to establish paternity in the Teton County District Court. He explains that on April 25, 2017, he filed a petition for a parenting plan in the Park County District Court (Cause No. DR-17-35), and that this "plan addressed beginning unification counseling between [his son] and [him] because they had no previous relationship." His main complaint is that there has been "no sufficient hearing to establish an accurate factual record[.]" White puts forth that his son is an undocumented youth because of passport fraud and that White cannot assist his son with his birth documentation and citizenship issues.

Supervisory control is an extraordinary remedy. "Supervisory control is appropriate 'when urgency or emergency factors exist making the normal appeal process inadequate, when the case involves purely legal questions, and when one or more of' three enumerated circumstances exist. M. R. App. P. 14(3)." *City of Billings ex rel. Huertas v. Billings Mun. Court*, 2017 MT 261, ¶ 2, 389 Mont. 158, 404 P.3d 709.

While White has correctly referred to the appropriate statutes, case law, and M. R. App. P. 14(3), supervisory control over the Park County District Court is not appropriate. There is no urgency in this underlying proceeding, and White has not demonstrated that an appeal is an inadequate remedy. While White raises this issue about his son's documentation, it is not reason enough to exercise our original jurisdiction here. Moreover, we are not persuaded that the District Court has committed a legal error to warrant supervisory control.

White argues mostly factual claims in his instant Petition. His attachments speak differently than some of his claims. The 2011 proceeding in the Teton County District Court established paternity.[1] This Order specifically established the father and child relationship between White and his son because White is the natural father, and the court directed the Department of Public Health and Human Services to substitute a new certificate with the original certificate of birth. This Order did not give White all the parental rights.

This case has been in the District Court for more than three years, and a factual record exists. We requested and reviewed a copy of the District Court's register of actions. This docket has 334 entries and is sixty pages in length. As he stated, White filed a petition for permanent parenting plan in April 2017, commencing the action. He had counsel to represent him, beginning in May 2017. The record from the Teton County District Court was sent in late 2017 and later consolidated in February 2018. The Park County District Court entered an order on White's Motion for an Interim Parenting Plan and Request for Hearing in September 2019. Following that, more motions for names of unification counselors were filed, and the District Court granted White's counsel motion to withdraw in January 2020. We point out that the Park County District Court has endeavored to manage this case by appointing seven different unification counselors who later asked to be removed; by sifting through the various reports filed by the counselors; and by sorting

---

[1] Then-Judge Laurie McKinnon presided over this proceeding. Justice McKinnon has not participated in this matter.

the various motions and pleadings filed by all parties. The parties have filed their respective findings of fact and conclusions of law with the District Court on January 21, 2021. The District Court is the venue to conclude this matter, and its response supports that conclusion.

There are many fact-intensive aspects to this matter, not purely legal questions. We do not find the existence of urgency or emergency factors, and we conclude that supervisory control is not warranted because the District Court is not proceeding upon a mistake of law causing a gross injustice. M. R. App. P. 14(3). White retains the remedy of a direct appeal for which the entire record would be available to this Court. M. R. App. P. 4(1)(a), 6(1), and 6(3). Accordingly,

IT IS ORDERED that White's Petition for a Writ of Supervisory Control is DENIED and DISMISSED.

The Clerk is directed to provide a copy of this Order to the Honorable Brenda Gilbert, Sixth Judicial District Court, Park County; to Molly Bradberry, Clerk of District Court, Park County, under Cause No. DR-17-35; to counsel of record; and to Nathan R. White personally.

DATED this 2nd day of February, 2021.

_____
Chief Justice

_____

_____

_____

_____
Justices

3